FILED
COURT OF APPEALS
DIVISION II

2013 JUN 19 AM 8:33

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RICHARD KUNTZ and CYNTHIA L. JOHNSON-KUNTZ, | No. 42347-2-II |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| JP MORGAN CHASE BANK, N.A., | |
| Respondent. | |

BJORGEN, J. — Richard Kuntz and Cynthia L. Johnson-Kuntz (collectively, Kuntz) appeal the trial court's determination that JP Morgan Chase Bank (Chase), as junior lienholder, is entitled to surplus funds from a nonjudicial foreclosure sale of their property, despite Chase being the successful bidder at the foreclosure. Kuntz argues that Chase's purchase of the property should preclude it from recovering the sale's surplus funds because (1) the result would be tantamount to a deficiency judgment and (2) Chase's deed of trust merged into its ownership interest. We affirm the trial court because, under the case law, a beneficiary of a second deed of trust retains its rights to the surplus under RCW 61.24.080(3).

## FACTS

Kuntz executed two deeds of trust against the subject property, securing two loans. National City Mortgage held the first deed, executed in September 2002, securing a $265,000.00 loan. PNC Mortgage acquired ownership of this deed of trust as a successor after merger. Washington Mutual Bank (WaMu) held the second deed, executed in July 2006, securing a $480,000.00 home equity line of credit. Kuntz and WaMu later modified the agreement,

increasing the line of credit to $500,000.00. Chase acquired WaMu's interest in the Kuntz line of credit as a receiver after WaMu's failure in 2008. By July 2010, Kuntz defaulted on both loans, owing $277,568.28 to Chase on the line of credit.

Northwest Trustee Services, Inc. (NWTS) nonjudicially foreclosed on the first deed of trust, conducting a trustee's sale of the property under chapter 61.24 RCW. Homesales, Inc., which is a wholly owned subsidiary of Chase, purchased the property at the public sale for $410,100.00. NWTS conveyed the property to Homesales by a trustee's deed, and Homesales sold the property to a third party. After payment to PNC, the sale left a surplus of $216,919.25. NWTS deposited the surplus funds in the superior court registry and gave notice to all interested parties.

Chase moved to disburse the surplus funds to itself, based on its deeded interest, in the amount of $277,568.28 or any lesser amount as held by the court clerk. Kuntz filed a counter motion, and the trial court ordered disbursement to Chase. Kuntz appealed, and this court stayed the appeal pending our decision in *In re Tr.'s Sale of Real Prop. of Giannusa*, 169 Wn. App. 904, 282 P.3d 122 (2012).

## ANALYSIS

Kuntz argues that Chase's purchase of the subject property should preclude it from recovering the sale's surplus funds because (1) the result would be tantamount to a deficiency judgment and (2) its deed of trust merged into its ownership. We disagree.

We review questions of statutory construction de novo. *Beal Bank, SSB v. Sarich*, 161 Wn.2d 544, 547, 167 P.3d 555 (2007); *In re Tr.'s Sale of Real Prop. of Upton*, 102 Wn. App.

220, 223, 6 P.3d 1231 (2000). We review a trial court's order disbursing surplus funds for abuse of discretion. *Wilson v. Henkle*, 45 Wn. App. 162, 166, 724 P.2d 1069 (1986).

Chapter 61.24 RCW governs deeds of trust in Washington. *Beal*, 161 Wn.2d at 548. Under this statute, a deed of trust holder may nonjudicially foreclose when a borrower defaults under the terms of the obligation and the deed of trust contains a power of sale. RCW 61.24.030. The trustee will hold a sale, where anyone other than the trustee may bid on the property. RCW 61.24.070(1). After covering the sale's expense, the trustee first applies the proceeds to the obligation foreclosed. RCW 61.24.080(1), (2). Next, the trustee deposits any surplus with the superior court clerk, who may disburse those funds only by superior court order. RCW 61.24.080(3).

Interests in the surplus continue in the same priority order that they attached to the property. Specifically,

> [i]nterests in, or liens or claims of liens against the property eliminated by sale under this section shall attach to the surplus in the order of priority that it had attached to the property. A party seeking disbursement of the surplus funds shall file a motion requesting disbursement in the superior court for the county in which the surplus funds are deposited.

RCW 61.24.080(3). A second deed of trust beneficiary has a superior interest in the surplus to that of the borrower. *Giannusa*, 169 Wn. App. at 910; *Upton*, 102 Wn. App. at 224.

Kuntz argues our Supreme Court has interpreted RCW 61.24.100(1) to preclude a nonforeclosing junior lienholder who purchases the property at the trustee's sale from seeking the surplus funds. We rejected this argument, though, in our recent decision in *Giannusa*, 169 Wn. App. at 910. That decision presented the same factual pattern as that presented here. The property owner executed and defaulted on two deeds of trust on the same property. The

3

beneficiary of the second deed of trust purchased the property when the first deed of trust was foreclosed. *Giannusa*, 169 Wn. App. at 906. With a surplus generated from that sale, the question arose whether the beneficiary of the second deed had forfeited any right to that surplus by purchasing the property at foreclosure of the first deed.

In *Giannusa* we ruled that the beneficiary of the second deed retained its rights to the surplus, holding:

> [T]he deed of trust act plainly allows a purchasing junior lienholder to recover surplus funds. Under RCW 61.24.080(3), the junior lienholder's interest, eliminated by the trustee's sale, attaches to the surplus. The junior lienholder has priority to the surplus over the property owner. And since the legislature specifically created a procedure for subordinate interest holders to seek disbursement of the surplus, the legislature intended that this process would occur independent of any anti-deficiency judgment provision in RCW 61.24.100(1).

*Giannusa*, 169 Wn. App. at 910 (internal citation omitted).

*Giannusa* acknowledged the argument to the contrary based on *Washington Mutual Savings Bank v. United States*, 115 Wn.2d 52, 58, 793 P.2d 969 (1990), but noted that our Supreme Court in *Beal Bank*, 161 Wn.2d at 548-49, essentially limited its holding to issues involving redemption. *Giannusa*, 169 Wn. App. at 909-10. Further, allowing the beneficiary of the second deed to have the surplus from the sale under the first deed does not afford that beneficiary any deficiency judgment under the second deed. Any restrictions on deficiency judgments remain in effect for both deeds of trust.

Kuntz also argues that we should preclude Chase's recovery of sales proceeds based on public policy considerations. As above, we have previously rejected this same argument. In *Giannusa* we concluded that public policy considerations weigh in favor of allowing purchasing nonforeclosing junior lienholders to seek the surplus because second-position deed of trust

No. 42347-2-II

holders would feel more secure in lending money, knowing that they could use part of the loan to obtain the property if a senior lienholder forecloses. *Giannusa*, 169 Wn. App. at 911.

THE MERGER DOCTRINE

For the first time on appeal, Kuntz argues that Chase's purchase of the subject property should preclude it from recovering the sale's surplus funds because its deed of trust merged into its ownership interests. Under RAP 2.5 we do not consider alleged errors raised for the first time on appeal, unless they fall within a listed exception. Kuntz makes no argument that this claim falls within any exception. Consequently, we do not consider it.

In sum, we affirm the trial court because, consistent with the case law and public policy considerations, a beneficiary of a second deed of trust retains its rights to the surplus under RCW 61.24.080(3).

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
BJORGEN, J.

We concur:

_____
HUNT, J.

_____
JOHANSON, A.C.J.

5